IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK05-40733 |
| KENT E. FLETCHER and ) | |
| JODY L. FLETCHER, ) | CH. 11 |
| ) | |
| Debtor(s). ) | |

### ORDER

Hearing was held in Lincoln, Nebraska, on March 7, 2007, regarding Filing No. 358, Motion to Reinstate the Order (Filing #330) Granting Exchange Bank Relief from the Stay, and Request for Ex Parte Order or Expedited Hearing, filed by Exchange Bank, and Filing No. 361, Objection, filed by the debtors. Robert M. Cook appeared for the debtors and Michael Snyder appeared for Exchange Bank.

Earlier in this case an order for relief from the automatic stay was granted because it appeared that the debtors were in default under a stipulation (Fil. #267) with Exchange Bank. That stipulation provided that all of the security documents and loan documents held by the bank and executed by the debtors would remain in effect. Several of those documents included a requirement that buildings and farm equipment and other personal property which was the subject of a security interest granted to the bank be insured against loss to the bank and name the bank as a loss payee. Evidence from the bank showed that certain pieces of the equipment were not insured, certain outbuildings were not insured and the bank was not named as a loss payee on any insurance policy except for the policy covering the dwelling house. Based upon that evidence, relief from the automatic stay was granted.

The debtors moved the court to reconsider and asserted that the bank was fully insured and was a loss payee on the appropriate insurance policies. Although those assertions did not seem to be accurate, they appeared to be presented in good faith and the order for relief from the automatic stay was reconsidered and vacated.

Thereafter, it once again appeared that the debtors were incorrect concerning the insurance coverage and the bank was still at risk. The debtors presented an affidavit from their insurance agent who claimed that the appropriate insurance coverage had been in effect to protect the interest of the bank all along. However, the bank took the deposition of an official of the insurance company who testified that the agent's conclusions were incorrect and that there had not even been an application for coverage of certain items until October 17, 2006, nor for the addition of the bank as a loss payee until November 30, 2006.

Based upon the testimony of the insurance agent and the language of the insurance documents which had originally been presented as providing adequate coverage, the bank has requested the court reinstate the order granting relief from the automatic stay.

At the hearing on this request, the bank also presented evidence that the debtors were in default under the stipulation because they had sold farm equipment through an auctioneer in February of 2007 without obtaining permission of the bank and without notice to the bank. The bank received notice of the sale, and perhaps a share of the sale proceeds, only because the

auctioneer was alert enough to do a Uniform Commercial Code search prior to distributing the checks.

It is time for this matter to come to an end.  By an order entered contemporaneously, the third amended disclosure statement has been denied approval.  Neither the disclosure statement nor the plan related to the third amended disclosure statement show any ability for the debtors to fund the plan.  Separate from that underlying fundamental deficit, the bank is correct that the debtors have been in default since the summer of 2006 with regard to the insurance requirement.  In addition, the debtors have ignored their obligations under the stipulation and the security documents and have attempted to sell farm equipment in which the bank has a security interest without informing the bank or obtaining the permission of the bank.

The bank has also presented evidence in the form of deposition testimony by Mr. Fletcher and affidavit evidence from a cattle sale barn that Mr. Fletcher's testimony concerning the sale of certain cattle allegedly sold by him in December of 2005 was incorrect.  Mr. Fletcher testified that he sold thirteen or fourteen head of cattle in December of 2005 at the sale barn and paid the bank the proceeds.  The sale barn records, including the check to the seller, show that the seller was not Mr. Fletcher, but was his son Patrick and that the check was not deposited into or paid to Exchange Bank.

I am not relying upon the cattle sale evidence to find that relief from the automatic stay should be granted.  However, that evidence does support the position of the bank that the debtors have ignored their obligations to the bank and have submitted sworn testimony to the court which is obviously incorrect.  The testimony being referred to is the deposition of Mr. Fletcher concerning the cattle sales and the statements made by Mr. Fletcher and his insurance agent concerning insurance coverage.

There is no reasonable likelihood that a plan can be confirmed in this case.  The debtors are in default under the stipulation with regard to the insurance coverage and the sale of the equipment at the auction.  They do not operate a farm and so the property, which is the subject matter of the bank's security interest, is not necessary for an effective reorganization.

IT IS ORDERED that the request of the bank (Fil. #358) is granted.  Relief from the automatic stay is granted to the Exchange Bank.

DATED this 9th day of April, 2007.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    Robert M. Cook
    *Michael Snyder
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.