IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK05-40733 |
| KENT E. FLETCHER and ) | |
| JODY L. FLETCHER, ) | CH. 11 |
| ) | |
| Debtor(s). ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on March 7, 2007, regarding Filing No. 406, Third Amended Disclosure Statement, filed by the debtors, and Filing No. 416, Objection, filed by Exchange Bank. Robert M. Cook appeared for the debtors and Michael Snyder appeared for Exchange Bank.

The debtors have filed a third amended plan and a third amended disclosure statement. Exchange Bank has filed a detailed objection. Hearing was held and argument made.

The objection of Exchange Bank is granted and the disclosure statement is denied approval.

The disclosure statement is deficient in many particulars. It does not list some secured debts or the plan treatment of such secured debts. Both the disclosure statement and the plan purport to modify a stipulation which was entered into between the debtors and the bank and which settled issues between them. The settlement stipulation, Filing No. 267, provides for releases of the bank and its officers and directors from any claim; prohibits the debtors from any defamatory language concerning the bank or its officers or employees; prohibits future claims against the bank in the form of a lawsuit with regard to the lending relationship; prohibits modification of the terms of the stipulation through a proposed plan; and prohibits discussing such a modification in a disclosure statement. Notwithstanding the terms of the stipulation with regard to the above-listed matters, the debtors joined as plaintiffs in a federal court lawsuit against the bank concerning certain activities of a bank officer which the plaintiffs claim caused them to pay usurious interest rates.

The disclosure statement has inadequate information concerning the source of revenue to be used to make payments pursuant to the terms of the plan. The debtors currently are limited with regard to income to farm rents and certain off-farm income. The total of those funds leaves the debtors short for the first year of the plan by thousands of dollars. To remedy such deficiency, the debtors suggest that they will sell an unidentified 160-acre tract or they will obtain refinancing of the bank debt. No information is provided with regard to the proposed selling price or any pending contracts for sale. No information is provided with regard to the debtors' ability to obtain refinancing of more than 1.2 million dollars of the bank debt.

The information attached to the disclosure statement concerning historical receipts and disbursements is erroneous. The debtors have mixed the receipt of loan funds with revenue and defined the total as "receipts." Loan funds are not revenue and, historically, post-petition, the debtors were unable to repay the full amount of the post-petition loan from actual farm revenues.

   Both the plan and the disclosure statement misstate the amount of non-exempt property which would be available to pay the unsecured claims. For example, the debtors originally claimed a $25,000 homestead exemption. That was reduced by order of the court to $12,500, thereby freeing up at least $12,500 in additional non-exempt assets, the value of which must be disclosed and the application or non-application of such value to payment of unsecured claims must be explained.

   Without significant additional information about the source of funding of the plan, it is clear that the plan is not confirmable, because it is not feasible. If the debtors actually plan to sell property and pay down debt, they need to explain what property is to be sold at what approximate price and at what time frame.

   IT IS ORDERED that:

   1. The Third Amended Disclosure Statement, Filing No. 406, is denied approval; and

   2. The Objection, Filing No. 416, is granted.

   DATED this 9th day of April, 2007.

                  BY THE COURT:

                  /s/ Timothy J. Mahoney
                  Chief Judge

Notice given by the Court to:
  *Robert M. Cook
  Michael Snyder
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute